**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HANG LIU,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　　　Respondent. | No.　15-73414<br><br>Agency No. A088-717-145<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:　SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Hang Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and remand.

The BIA found no clear error in three factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support two of these findings. Substantial evidence does not support the agency's determination that during two separate interviews with border officials Liu omitted information about his 2008 arrest, where the record indicates the agency was referring to one interview that was documented on two separate forms. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (purported inconsistency did not support adverse credibility determination because the IJ's characterization of the petitioner's testimony was inaccurate). Substantial evidence also does not support the agency's determination that Liu's testimony is inconsistent with his medical record as to the name of the hospital where he was treated, where the medical record does not appear to name the hospital. *See id*. Substantial evidence does support the single remaining finding that Liu's statement to a border patrol official in December 2008 was inconsistent with his testimony before the IJ as to the reason he was arrested in 2004. *Shrestha*, 590 F.3d at 1040 (inconsistency is a factor that can be considered in assessing credibility under the totality of

circumstances).

Because we cannot be confident that the BIA would have upheld the adverse credibility determination based on this inconsistency alone, we grant the petition and remand for the BIA to reconsider Liu's credibility and for any necessary further proceedings consistent with this decision. *See Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021) (remand appropriate for BIA to determine whether remaining factors support determination); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (single-factor rule for adverse credibility determinations overruled).

We do not consider the information from country conditions reports that Liu references in his opening brief that is not a part of the administrative record considered by the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Liu's removal is stayed pending a decision by the BIA.

The parties must bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**